UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                                    Case No.  8:05-cr-342-T-24 TGW

KELLY ABERCROMBIE

_____/

**ORDER**

This cause comes before the Court on Defendant Abercrombie's Motion to Dismiss Count One of the Indictment. (Doc. No. 32). The Government opposes this motion. (Doc. No. 50).

**I.  Background**

Defendant Abercrombie is charged in a twenty-one count indictment for conspiracy to commit mail fraud and wire fraud (Count One), mail fraud (Counts Two through Eleven), and wire fraud (Counts Twelve through Twenty-One). In Count One, conspiracy to commit mail fraud and wire fraud, the indictment charges Defendant Abercrombie with joining in a scheme to obtain mortgage loans in amounts in excess of the true market values of properties sold to inside "straw purchasers." Additionally, Count One charges Abercrombie with using U.S. mails and interstate wire transmissions in connection with the scheme. (Doc. No. 1, p. 6, 8).

**II.  Motion to Dismiss**

Defendant Abercrombie moves to dismiss Count One, because she argues that (1) there are no specific allegations of fact to support the allegation that Defendants caused mailings and wire transmissions in furtherance of their scheme, as required by Federal Rule of Criminal Procedure 7(c)(1); and (2) there are no allegations of facts to support the assertions that she joined in the scheme and that she made false or fraudulent documents. Accordingly, the Court will address each argument.

**A. Specific Allegations of Mailings and Wire Transmissions**

Rule 7(c)(1) provides that the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Defendant Abercrombie argues that Count One should be dismissed, because there are no specific allegations of fact to support the allegation that Defendants caused mailings and wire transmissions in furtherance of their scheme. Defendant Abercrombie cites U.S. v. Strauss, 283 F.2d 155 (5th Cir. 1960), in support of her argument that the failure to allege such facts should result in the dismissal of the conspiracy count. The Court rejects this argument, because Strauss is distinguishable from the instant case.

In Strauss, the indictment charged Strauss with conspiring to commit mail fraud and to violate the Bankruptcy Act. See id. at 157. The only reference to the use of mails in the conspiracy count was the allegation that the acts done in connection with the conspiracy were in violation of the mail fraud statute. See id. at 160 n.6. The lower court dismissed the conspiracy count, and the appellate court affirmed, stating that the conspiracy to commit mail fraud count was insufficient because there was nothing to support the count beyond the statement of a legal conclusion that the mail fraud statute was violated. See id.

In the instant case, Count One alleges that it was part of the conspiracy that the conspirators would and did use U.S. mails and interstate wire transmissions in connection with their scheme. (Doc. No. 1, p. 6, 8). The Court finds that this is sufficient.

Furthermore, the Court notes that "[a]n indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant what charge he must be prepared to meet, and enables the accused to plead acquittal or conviction in bar of future prosecutions for the same offense." U.S. v. Gordon, 780 F.2d 1165, 1169 (5th Cir. 1986)(citations omitted). "[T]he essential elements of a conspiracy are an agreement by two or more persons to combine efforts for an illegal purpose and an overt act by one of the members in furtherance of the agreement." Id. at 1170. Actual use of the mails or of a wire transmission is not an element that must be

proven for a conspiracy charge. See U.S. v. Massey, 827 F.2d 995, 1001 (5th Cir. 1987)(citations omitted); U.S. v. Donahue, 539 F.2d 1131, 1136 (8th Cir. 1976).

Upon review of the indictment, the Court finds that the indictment complies with the requirements of Rule 7 and adequately alleges the essential elements of a conspiracy. As such, the Court denies Defendant Abercrombie's motion on this issue.

### B.  Specific Allegations of Joining the Scheme and Making False Documents

Next, Defendant Abercrombie argues that Count One should be dismissed, because there are no allegations of facts to support the assertions that she joined in the scheme and that she made false or fraudulent documents. For the reasons stated below, the Court denies Defendant Abercrombie's motion on this issue.

The indictment alleges that Defendant Abercrombie: (1) owned and controlled NXCSS, LLC, which bought and sold real property, (2) owned and controlled Sovereign Mortgage Corporation, which is a mortgage company that sold mortgages to Home Star, and (3) created and controlled Preferred Appraisal Group, which was a sham company that purportedly performed market value appraisals of real property and prepared appraisal reports. (Doc. No. 1, p. 2). The indictment also alleges in detail that Defendant Abercrombie and the entities described above engaged in certain real estate transactions in order to carry out the conspiracy. (Doc. No. 1, p. 3-14). As such, the Court rejects Defendant Abercrombie's argument that there are no allegations of facts to support the assertion that she joined in the scheme.

Likewise, the Court rejects Defendant Abercrombie's argument that there are no allegations of facts to support the assertion that she made false or fraudulent documents. For example, the indictment contains allegations that Defendant Abercrombie caused one or more of the following false documents to be made: (1) sham appraisal reports that falsely represented the market values of properties, (2) earning statements and income tax returns that falsely represented the earnings of applicants/borrowers, (3) bank statements and investment accounts that falsely and fraudulently represent the amount of funds in accounts in the names of

applicants/borrowers, (4) false and fraudulent leases, and (5) statements that falsely and fraudulently represented the salary of applicants/borrowers. (Doc. No. 1, p. 5-14).

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Abercrombie's Motion to Dismiss Count One of the Indictment (Doc. No. 32) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of June, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record