UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                                          Case No.  8:05-cr-342-T-24 TGW

KELLY ABERCROMBIE

_____/

## ORDER

This cause comes before the Court on Defendant Abercrombie's Motion to Dismiss Count One of the Indictment for Duplicity, Improper and Prejudicial Joinder, or for Severance. (Doc. No. 34).  The Government opposes this motion.  (Doc. No. 49).

## I.  Background

Defendant Abercrombie is charged in a twenty-one count indictment for conspiracy to commit mail fraud and wire fraud (Count One), mail fraud (Counts Two through Eleven), and wire fraud (Counts Twelve through Twenty-One).  In Count One, conspiracy to commit mail fraud and wire fraud, the indictment charges Defendant Abercrombie with joining in a scheme to obtain mortgage loans in amounts in excess of the true market values of properties sold to inside "straw purchasers."

## II.  Motion to Dismiss

Defendant Abercrombie moves to dismiss Count One, arguing that (1) it improperly and prejudicially alleges two separate and distinct conspiracies as a single conspiracy; (2) it improperly and prejudicially joins defendants who have not participated in the same act or transaction, or same series of acts or transactions, constituting an offense; (3) alternatively, severance is appropriate in order to avoid the prejudicial effect of a joint trial.  Accordingly, the Court will address each argument.

### A. Duplicity

Defendant Abercrombie moves to dismiss Count One, arguing that it improperly and prejudicially alleges two separate and distinct conspiracies as a single conspiracy. In determining whether a single conspiracy is alleged, courts consider three factors: (1) whether a common goal existed, (2) the nature of the scheme, and (3) overlap of participants. See U.S. v. Champion, 813 F.2d 1154, 1166 (11th Cir. 1987)(citation omitted).

Defendant Abercrombie argues that Count One alleges two separate and distinct conspiracies: Defendant Abercrombie argues that the first conspiracy alleged in Count One was masterminded by Todd Kolbe and involved his companies, his boyfriend, and members of his family, with the goal of personally enriching him, his boyfriend, and his family. Furthermore, Defendant Abercrombie argues that Count One alleges a second conspiracy conceived and directed by Todd Kolbe with the goal of funding the operation and expenses of Sovereign Mortgage Corporation, a mortgage company owned by Kolbe and Abercrombie.

Whether Count One is duplicitous "is to be determined solely by reference to the face of the indictment." U.S. v. Stickle, 355 F. Supp.2d 1317, 1330 n.12 (S.D. Fla. 2004)(citation omitted). Upon review of the indictment, the Court finds that Count One is not duplicitous. Count One sets forth a scheme to obtain mortgage loans in amounts in excess of the true market values of properties sold to inside "straw purchasers." There is an overlap of participants (Todd Kolbe, Abercrombie, Parodo, Kerber), and it is not clear from the face of the indictment that a common goal did not exist. Therefore, the Court denies Defendant Abercrombie's motion on this issue.

### B. Misjoinder

Next, Defendant Abercrombie moves to dismiss Count One, arguing that it improperly and prejudicially joins defendants who have not participated in the same act or transaction, or same series of acts or transactions, constituting an offense. Rule 8(b) of the Federal Rules of Criminal Procedure provides that "[t]he indictment . . . may charge 2 or more defendants if they

are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."

Defendant Abercrombie bases her misjoinder argument on her contention that Count One improperly alleges two conspiracies. However, the Court has already rejected her argument that Count One is duplicitous, and as such, the Court finds that joinder of defendants in this case is proper. See U.S. v. Badia, 827 F.2d 1458, 1466 (11th Cir. 1987)(stating that joinder of defendants is appropriate where the indictment contains a single conspiracy). Therefore, the Court denies Defendant Abercrombie's motion on this issue.

### C.  Severance

Alternatively, Defendant Abercrombie argues that severance is appropriate in order to avoid the prejudicial effect of a joint trial. Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

As a general rule, defendants who are jointly indicted should be tried together, particularly in conspiracy cases. See U.S. v. Castillo-Valencia, 917 F.2d 494, 498 (11th Cir. 1990)(citations omitted). The decision as to whether to grant a severance is within the Court's discretion. See id. (citation omitted). In considering a motion for severance under Rule 14, the Court must balance the right of the defendants to a fair trial against the interests of judicial economy and efficiency. See id. (citation omitted). Severance is required only if a defendant demonstrates that a joint trial will result in compelling prejudice for which the district court cannot offer protection. See U.S. v. Marszalkowski, 669 F.2d 655, 660 (11th Cir. 1982)(citation omitted).

Defendant Abercrombie argues that she will be prejudiced by a joint trial, because jurors will be unable to determine her culpability solely on the basis of evidence related to her. She

appears to base this argument on her contention that Count One alleges two conspiracies. The Court rejects Defendant Abercrombie's prejudice argument and finds that any alleged prejudice can be alleviated through a curative instruction to the jury. See U.S. v. Blankenship, 382 F.3d 1110, 1123 (11th Cir. 2004)(stating that there is a "strong presumption . . . that jurors are able to compartmentalize evidence by respecting limiting instructions specifying the defendants against whom the evidence may be considered"). Therefore, the Court denies Defendant Abercrombie's motion on this issue.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Abercrombie's Motion to Dismiss Count One of the Indictment for Duplicity, Improper and Prejudicial Joinder, or for Severance (Doc. No. 34) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of June, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

4